IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MICHAEL L. DUNLAP d/b/a BIG MIKE
PRODUCTIONS and EDDIE REEC, III d/b/a
AR BOOKING,                                                              PLAINTIFFS,

VS.                                              CIVIL ACTION NO. 4:08CV-72-P-S

TRILL ENTERTAINMENT; TRILL MANAGEMENT;
TORRANCE HATCH a/k/a LIL BOOSIE; JONATHAN
REED a/k/a FOXX; MELVIN VERNELL, JR.;
JEREMY ALLEN; and SHELTON MARTIN a/k/a
3 DEEP,                                                                  DEFENDANTS.

## FINAL JUDGMENT

This matter comes before the court upon the defendants' motion to compel arbitration [8]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

It is undisputed that the parties entered into a contract on October 18, 2007. The contract provides in pertinent part:

> Upon any dispute under or relating to the terms of this agreement, or breach thereof, it is agreed that the matter shall be submitted for binding arbitration to the American Arbitration Association, in the state of Louisiana of [sic] in accordance with the then prevailing rules of that Association.

Contract at 4-5. It is undisputed that the plaintiffs' claims against the defendants in this lawsuit involve a "dispute under or relating to the terms of this agreement, or breach thereof." The instant lawsuit was filed on June 2, 2008 and the instant motion to compel arbitration was filed on July 8, 2008, less than a year after the contract was signed on October 18, 2007.

Under the Federal Arbitration Act, written agreements to arbitrate controversies arising out of an existing contract "**shall** be valid, irrevocable and enforceable." 9 U.S.C. § 2 (emphasis added).

1

The Supreme Court has consistently held that "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University*, 489 U.S. 468, 476, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989). It is the court's duty to decide whether the parties agreed to arbitrate, not the arbitrator's. *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). Of course, in making the decision of whether to submit a given claim to arbitration, "a court is not to rule on the potential merits of the underlying claims." *Id.* Most importantly, when there is an arbitration agreement, "there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with *positive assurance* that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'" *Id.* at 650 (citations omitted; emphasis added).

The Court in *AT&T Technologies* also held that when an arbitration agreement's scope is broad, "[i]n the absence of any express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *Id.* (citations omitted).

The Fifth Circuit confirmed these principles in *Pennzoil Exploration v. Ramco Energy Limited,* 139 F.3d 1061 (5th Cir. 1998). The arbitration provision in *Pennzoil* mandated arbitration of "any dispute, controversy or claim arising out of or in relation to or in connection with this Agreement or the operations carried out under this Agreement, including without limitation any dispute as to the validity, interpretation, enforceability or breach of this Agreement." *Id.* at 1067. The Fifth Circuit noted that the Supreme Court and itself "have characterized similar arbitration

2

clauses as broad arbitration clauses capable of expansive reach." *Id*. The Fifth Circuit concluded that the aforementioned clause was a broad one and that "broad arbitration clauses ... are not limited to claims that literally 'arise under the contract,' but rather embrace all disputes between the parties having a significant relationship to the contract regardless of the label attached to the dispute." *Id*. In other words, mindful of the strong federal policy in favor of arbitration, the court in *Pennzoil* concluded that the "extremely broad arbitration provision" in that case, which included the term "related to," made the subject dispute arbitrable. *Id*. at 1068

The plaintiffs cite no mandatory authorities standing for the proposition that in these circumstances – *i.e.*, when there is no dispute that the parties agreed to the arbitration clause, that it covers the subject claims, and that defendants sought arbitration within a year of the entering of the contract within a month of being sued in federal court – the agreement to arbitrate should be ignored.

The court concludes that the motion to compel arbitration should be granted. However, rather than stay the instant proceedings pending the outcome of arbitration as requested by the defendants, the court concludes that this action should be dismissed without prejudice. This is appropriate given that all of the plaintiffs' claims in this action are covered by the arbitration agreement. "The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). "Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by ... 9 U.S.C. §§ 9-12." *Id*.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The defendants' Motion to Compel Arbitration [8] is **GRANTED**; therefore,

(2) All of the plaintiffs' claims against all defendants are hereby **COMPELLED TO ARBITRATION** pursuant to the subject agreement;

(3) The plaintiffs' claims in this action are **DISMISSED WITHOUT PREJUDICE**; and

(4) This case is **CLOSED**.

**SO ORDERED** this the 10th day of September, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE